UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-13-331 |
| | § | |
| CARLOS ORTUNO | § | |

**Order**

Pending before the court are the following motions filed by defendant Carlos Ortuno: (1) a motion pursuant to *Brady v. Maryland* for production of exculpatory evidence (Dkt. 34); (2) a motion to exclude evidence under Federal Rule of Evidence 403 (Dkt. 35); and (3) a motion for notice of the Government's intent to use evidence (Dkt. 36). Having considered the motions, response, and applicable law, the court is of the opinion that the motions should be GRANTED.

**I. BACKGROUND**

Defendants Carlos Ortuno, Angel de la Torre, and Angel Tours (a corporation) have been indicted for violations of the Motor Carrier Safety Act of 1984, which was promulgated to "enhance commercial motor vehicle safety and thereby reduce highway fatalities, injuries, and property damage." 49 U.S.C. § 31131. The Government alleges that de la Torre, Ortuno, and Angel Tours conspired to make and did make materially false, fictitious, and fraudulent statements and representations to the United States Department of Transportation, Federal Motor Carrier Safety Administration ("FMSCA"), and to conceal and cover up material facts in forms submitted to the FMSCA. Dkt. 1. Specifically, the Government alleges that on June 23, 2008, the FMCSA directed Angel Tours to cease all interstate transportation because Angel Tours received an unsatisfactory rating during an inspection on May 1, 2008. *Id.* Angel de la Torre allegedly filed articles of incorporation for Iguala Busmex Inc. on June 10, 2008, and did not disclose his relationship with

Angel Tours on an application filed with the Motor Passenger Carrier Authority ("MPCA). *Id.* Angel de la Torre and Angel Tours also allegedly filed an application for a U.S. DOT number and falsely represented that their U.S. DOT registration number was not currently revoked. *Id.* Additionally, de la Torre and Ortuno allegedly falsely stated on the application to the MPCA and the application for a U.S. DOT number that Ortuno was the Vice President of Iguala Busmex, Inc. and that Iguala Busmex, Inc., was located at a certain address. *Id.* In the final count of the indictment, the Government alleges that on August 8, 2008, de la Torre and Angel Tours aided and abetted each other in willfully operating the commercial motor vehicle after they were found not fit to operate a commercial motor vehicle by the Secretary of Transportation and were placed out of service. *Id.* On this date, a bus which the Government alleges was an Angel Tours bus crashed when it was en route from Houston, Texas to Carthage, Missouri. *Id.* There were 55 passengers on the bus. *Id.* The Government alleges that seventeen passengers died in the crash, and 38 suffered injuries. *Id.*

## II. ANALYSIS

Ortuno filed a motion pursuant to *Brady v. Maryland* for production of exculpatory evidence (Dkt. 34) and a motion for notice of the Government's intent to use evidence (Dkt. 36). The Government filed a response in which it states that it will comply with its duty to provide exculpatory evidence and that it has provided extensive discovery to the defendants pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Dkt. 38. The Government notes that it will continue to comply with Rule 16 and will provide notice of the exhibits it intends to offer in its case-in-chief to defendants. *Id.* The Government, however, states that it reserves the right to offer into evidence additional exhibits that have been provided to the defendants during discovery as the trial develops. *Id.* The Government thus is not opposed to the first motion and is unopposed to the second with the

caveat that it may need to use evidence that is not on its notice of evidence it intends to use as the evidence at trial unfolds. Ortuno, however, asks only for notice of evidence that the Government *intends* to use at trial, which the Government has agreed to provide. *See* Dkt. 36. Both motions are GRANTED.

Ortuno also filed a motion to exclude evidence under Federal Rule of Evidence 403. Dkt. 35. Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Ortuno argues that evidence of the passengers' deaths and injuries should be excluded under Rule 403 because the probative value of this evidence is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence. Dkt. 35. Ortuno asserts that evidence of deaths and injuries is not relevant to whether Ortuno made false statements. *Id.*

The Government asserts that Rule 403 should not be used to exclude intrinsic evidence "'because intrinsic inculpatory evidence is by its very nature prejudicial.'" Dkt. 38 (quoting *United States v. Sudeen*, 434 F.3d 384, 389 (5th Cir. 2005)). They additionally assert that evidence about the accident is intrinsic because its "exclusion would leave a 'chronological or conceptual void in the story of the crime . . . .'" as the accident either completes the story of the crime or explains the circumstances of the case. *Id.* (quoting *United States v. Ojomo*, 332 F.3d 485, 488-89 (7th Cir. 2003) (other citations omitted). The Government argues that the result of the scheme was the bus accident. *Id.* Moreover, the Government points out that the crash is an essential element of Count Six–operating the bus after it was placed out of service. *Id.*

The court agrees with the Government that evidence of the *accident* or *crash* is intrinsic evidence and should be presented at trial.  However, evidence of the resulting deaths and injuries is not an essential element of any of the counts and it is not necessary to complete the story of the alleged crime or explain the circumstances of the case.  Evidence of the crash itself completes the story about the bus allegedly being operated after being placed out of service.  The court finds that presenting evidence to the jury about the injuries and deaths resulting from the crash would be highly prejudicial and would serve only to inflame the jury.  Ortuno's motion to exclude evidence of the deaths and injuries associated with the crash is therefore GRANTED.

### III. CONCLUSION

Ortuno's motion pursuant to *Brady v. Maryland* for production of exculpatory evidence (Dkt. 34) is GRANTED.  Ortuno's a motion to exclude evidence under Federal Rule of Evidence 403 (Dkt. 35) is GRANTED.  And Ortuno's motion for notice of the Government's intent to use evidence (Dkt. 36) is GRANTED.

It is so ORDERED.

Signed at Houston, Texas, on October 18, 2013.

_____
Gray H. Miller
United States District Judge